United States District Court
District Of Maine

| | |
|---|---|
| Hannah Levecque, et al. | ) |
| | ) |
|           Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 2:14-cv-00218-JAW |
| | ) |
| Argo Marketing Group, Inc., | ) |
| et al. | ) |
| | ) |
|           Defendants. | ) |

## Judgment and Order Of Dismissal With Prejudice

The Court, having fully reviewed the Joint Motion for Order Approving Settlement (the "Final Approval Motion")(Dkt. 124), the Declarations of Jeffrey Neil Young and Nancy Pollock in support thereof (Dkt. 124-1 and -2), the Joint Motion for Order to Dispense with Fairness Hearing and Memorandum of Law in support thereto (Dkt. 120), the Notice of Proposed Settlement (Dkt. 120-1), the spreadsheet showing amounts payable to each member of the class (Dkt. 119-8), and the Declarations of Jeffrey Neil Young, Liam O'Brien, Mark G. Filler, and Frank Fallon filed with the Court on June 24, 2016 (Dkt. 120- 3, 5, 6 and 8) and the exhibits thereto, and good cause appearing HEREBY FINDS, ORDERS AND DECREES:

    1.    The Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all employees who filed consents with the Court opting into the collective action ("the Collective Employees").

2. The Court further finds that the time period provided for the Collective Employees to object or request exclusion – 30 days from mailing of the Notice – is sufficient and complies with the requirements of due process. Having found that none of the Collective Employees mailed written objections as required by the Notice, the above-captioned Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Collective Employees as against the Defendants. The parties are to bear their own costs, except as set forth in the Notice of Proposed Settlement (Dkt. 120-1).

3. The notification provided to the Collective Employees by Counsel was in compliance with the Court's Order Granting Motion to Dispense with Fairness Hearing. Dkt. 123. The Court finds that the Notice mailed to all of the Collective Employees fairly and adequately described the litigation, the individuals eligible to participate, the terms of the proposed Settlement, and the manner in which any of the Collective Employees could object to or participate in the Settlement. The Court therefore finds that a full and fair opportunity has been afforded to the Collective Employees to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.

4. Although this is a collective and not a class action, the Court, guided by Rule 23(e), concludes that this Settlement is fair, reasonable, and adequate, in light of the benefits to the Collective Employees, the complexity, expense, and possible duration of further litigation against the Defendant, the risks of establishing liability and damages, and the costs of continued litigation.

5. The Court further finds that the Settlement recited in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of Plaintiff, the Collective Employees, and Defendant, and that it is in the best interests of the Collective Employees. Accordingly, the Court hereby finally and unconditionally approves the Settlement, which shall be consummated in accordance with the terms and conditions of the Settlement Agreement.

6. Plaintiffs and each member of the Collective Employees shall be deemed to have, and by operation of this Judgment And Order Of Dismissal With Prejudice shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Defendants, as set forth in the Settlement Agreement. All members of the Collective Employees are hereby forever barred and enjoined from prosecuting the Released Claims against the Defendants.

7. This action is hereby dismissed with prejudice; provided, however, that, without affecting the finality of this Judgment And Order Of Dismissal With Prejudice, the Court hereby retains exclusive and continuing jurisdiction for purposes of supervising, administering, implementing, interpreting, and enforcing this Judgment And Order Of Dismissal With Prejudice, as well as the Settlement Agreement.

8. In the event that the Defendants fail to comply with the terms of the Settlement Agreement, this Judgment And Order Of Dismissal With Prejudice

shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith and therewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: December 15, 2016                /s/John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        U.S. DISTRICT JUDGE